UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-cv-22747-ALTMAN/Reid

JAMES TUNDIDOR, SR., DULCE E.
TUNDIDOR, JAMES TUNDIDOR, JR.
and PORKY'S CABARET, INC. d/b/a
BELLAS CABARET,

    Plaintiffs,
v.

CARLOS HERNANDEZ and
CITY OF HIALEAH,

    Defendants.
_____/

## DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE AFFIRMATIVE DEFENSES

Defendant, CARLOS HERNANDEZ, by and through undersigned counsel, pursuant to the Federal Rules of Civil Procedure and Southern District of Florida Local Rule 7.1, hereby files this Response in Opposition to Plaintiffs' Motion to Strike Affirmative Defenses [ECF 76], and states:

### INTRODUCTION

This is an action brought by Plaintiffs alleging violation of civil rights. At all times material to Plaintiffs' allegations, Carlos Hernandez held the office of Mayor of the City of Hialeah. On November 19, 2024, Defendant filed his Answer and Affirmative Defenses [ECF 70] asserting a total of seventeen (17) affirmative defenses including expressly his entitlement to qualified immunity. On December 9, 2024, Plaintiffs filed their Motion to Strike [ECF 76] whereby Plaintiffs seek to strike all seventeen of Defendant's affirmative defenses, including the affirmative defense of qualified immunity.

31101412v1

Prior to filing of the instant motion, Plaintiffs failed to comply with the Local Rules. As such, before reaching the merits of Plaintiffs' Motion to Strike, their Mmotion must be denied for failure to comply with the Local Rules and this Court's Initial Scheduling Order [ECF 21]. Local Rule 7.1(2) requires that before filing a motion to a civil action, counsel for movant confer with the opposing party in a good faith effort to resolve the motion. Plaintiffs made no effort to confer with the undersigned counsel prior to the filing of their motion in an attempt to resolve the disputes without Court intervention.

In the instant motion, Plaintiffs moved to strike all the Defendant's affirmative defenses. Defendant submits that each of its affirmative defenses surpasses the threshold pleading standard accepted by Courts in this district and/or are otherwise applicable defenses. As such, Plaintiffs' Motion should be denied in its entirety.

      **I.**      **Standard for Motion to Strike Affirmative Defenses**

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, an affirmative defense may be stricken only if it is insufficient as a matter of law. An affirmative defense is insufficient as a matter of law only if: "(1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law." *See Great Am. Assur. Co. v. Sanchuk, LLC*, 2012 WL 1656751, at *2 (M.D. Fla. 2012). When considering a motion to strike an affirmative defense, the court must accept all well-pled facts as true and not consider matters outside the pleadings. *Id*. at *1. "An affirmative defense is one that admits to the complaint, but avoids liability, wholly or partly by new allegations of excuse, justification or other negating matter." *Royal Palm Sav. Ass'n v. Pine Trace Corp*., 716 F.Supp. 1416, 1420 (M.D. Fla. 1989). An answer does not have to include a detailed statement of the applicable defenses. *See Sanchuk*, 2012 WL 1656751, at *2. Unlike complaints, which are subject to Rule 8(a), affirmative defenses are subject to the

31101412v1

pleading requirements of Rule 8(b) and 8(c). Rule 8(b) only requires a defendant to "state in short and plain terms its defenses…" Rule 8(c) merely states that "a party must affirmatively state any avoidance or affirmative defense." Thus, an affirmative defense may be pled in general terms so long as it provides "fair notice of the nature of the defense." *CI Intern. Fuels, Ltda. v. Helm Bank*, S.A., 2010 WL 3056598, at *3 (S.D. Fla. 2010)(citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Even where a party labels a specific denial as an affirmative defense, courts will generally not strike the defense but treat it as a denial. *See FDIC v. Bristol Home Mortg. Lending, LLC*, 2009 WL 2488302, at *3 (S.D. Fla. 2009). The striking of an affirmative defense is a drastic remedy which is disfavored by the courts. *See Sanchuk*, 2012 WL 1656751, at *1. Thus, a court will, generally, not strike an affirmative defense unless it has no possible relationship to the controversy, may confuse the issues, or will otherwise prejudice a party. *Id*.

I. **Hernandez hereby adopts and relies on arguments raised by the City of Hialeah as it pertains to Hernandez's affirmative defenses Nos. 4 through 10 and 12 through 17.**

The City and Hernandez raised near identical defenses to Plaintiffs' Complaint. Failure to confer on these issues has needlessly caused duplicate motions to be filed on the same issues. In an attempt to streamline the issues before the Court, Hernandez adopts and relies on the City's Response in Opposition to Plaintiff's Motion to Strike Affirmative Defenses as it pertains to Hernandez's affirmative defenses Nos. 4 through 10 and 12 through 17.

II. **Affirmative Defenses 1 and 2 are sufficiently pled.**

a. **First Affirmative Defense:**

As his first affirmative defense, Defendant asserts that he is entitled to qualified immunity for the alleged acts and/or omissions asserted in Plaintiffs' claims against

31101412v1

him. Mayor Hernandez took no action to initiate or direct any police operation at Bellas. All other actions taken by Mayor Hernandez were reasonable, necessary, in good faith and within the scope of his discretionary authority as mayor. Qualified immunity protects government actors performing discretionary functions from being sued in their individual capacities. *Williams v. Ala. State Univ.*, 102 F.3d 1179, 1182 (11th Cir. 1997).

"There can be little question but that qualified immunity is an affirmative defense". *Davis v. Holifield*, No. CA 21-0044-CG-MU, 2021 WL 6137309, at *6 (S.D. Ala. Dec. 9, 2021), report and recommendation adopted, No. CA 21-0044-CG-MU, 2021 WL 6134692 (S.D. Ala. Dec. 29, 2021). Qualified immunity shields government officials sued in their individual capacities who act pursuant to discretionary authority "insofar as their conduct does not violate clearly established ... constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 817–18, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982).

The purpose of an affirmative defense is to give the opposing party notice of an issue so that the party is prepared to properly litigate the issue. *See Hassan v. U.S.P.S.*, 842 F.2d 260, 263 (11th Cir. 1988). *Davis*, at *6. By his First Affirmative Defense, Hernandez has squarely placed Plaintiffs on notice of Hernandez's position that he is immune from suit based on qualified immunity.

Plaintiffs' attempt to characterize this defense as a mere denial is disingenuous. Hernandez has expressly asserted qualified immunity to all "acts and/or omissions asserted in Plaintiffs' claims against him." The cases Plaintiffs rely on do not support their position. Neither *Adams,* nor *MCM Entertainment,* involve § 1983 claims, and neither Court analyzed the pleading requirements for the defense of qualified immunity. *See*

31101412v1

*Adams v. Jumpstart Wireless Corp.*, 294 F.R.D. 668 (S.D. Fla. 2013), and *MCM Retail Grp., Inc. v. D4 Media Corp.*, No. 3:23-CV-01212-HES-MCR, 2024 WL 1941619, at *1 (M.D. Fla. Feb. 8, 2024).

Affirmative defenses help frame the issues of a case. *Losada v. Norwegian (Bahamas) Ltd.*, 296 F.R.D. 688, 691 (S.D. Fla. 2013). The central issue in this dispute is whether Plaintiffs, or any one of them, suffered any constitutional violation. It is undisputed that Hernandez was Mayor at all times material. Further, it is Hernandez's assertion that he was acting within his capacity as Mayor; therefore, the qualified immunity defense is directly related to Plaintiffs' claims and should not be stricken.

### b. Second Affirmative Defense:

As his second affirmative defense, Defendant asserts that he took no action to initiate or direct any police operation at Bellas. All other actions taken by Defendant were protected free speech, protected political speech, protected expression and otherwise in good faith.

The First Amendment protects several categories of speech and expression, and the Supreme Court's decisions in this area have created a "rough hierarchy" of available protections. *R.A.V. v. City of St. Paul*, 505 U.S. 377, 422, 112 S.Ct. 2538, 120 L.Ed.2d 305 (1992). "Core political speech occupies the highest, most protected position" in the hierarchy. *VoteAmerica v. Raffensperger*, 609 F. Supp. 3d 1341, 1354 (N.D. Ga. 2022). At its core, Plaintiffs' Complaint complains that Hernandez did not back Jesus Tundidor's run for City Council. Hernandez chose to back another candidate. Hernandez's speech and expression in support of a competing candidate is protected by the First Amendment. Again, relying on *Adams* and *MCM Entertainment*, Plaintiffs make no showing in support

of their drastic request to strike Hernandez's assertion that his actions were protected under the First Amendment.

Contrary to Plaintiffs' assertions this affirmative defense is pled with sufficient factual matter to withstand scrutiny even pursuant to Fed. R. Civ. P. 8(a). This affirmative defense contains enough factual matter to place Plaintiffs on notice of any additional issues that may be raised at trial as to allow Plaintiff to properly litigate those issues. A party need not plead such extensive facts in support of an affirmative defense as with a complaint. See ICA Invs., Inc. v. Lexington Ins. Co., No. 22-81845-CV-AMC, 2023 WL 1987866, at *2 (S.D. Fla. Feb. 8, 2023), report and recommendation adopted sub nom. ICA Invs. Corps. v. Lexington Ins. Co., No. 22-81845-CIV, 2023 WL 2301992 (S.D. Fla. Mar. 1, 2023).

### III.  **Affirmative Defense No. 3 is legally sufficient**.

As his third affirmative defense, Defendant asserts that Plaintiffs have failed to demonstrate the violation of any constitutionally protected right. Plaintiffs allege that this affirmative defense is merely a 12(b)(6) argument disguised as an affirmative defense, as Hernandez merely asserts a defect in Plaintiffs' claims. Even in cases where the affirmative defense asserted is not, in fact, an affirmative defense, the courts will still refuse to strike the defense absent any showing of prejudice, instead treating the assertion as a specific denial. See Marley v. Jetshares Only, LLC, 2011 WL 2607095, at *2 (S.D. Fla. 2011); Grovenor House, L.L.C. v. E.I. Du Pont De Nemours And Co., 2010 WL 3212066, at *3 (S.D. Fla. 2010). Specific denials phrased as affirmative defenses are routinely permitted to remain in the pleadings as a plaintiff gains nothing by having them stricken as they provide him with "plain notice" of what is to be litigated and he will still have face such denials as the litigation progresses. See Currie v. Dollar Gen. Corp., 2005

WL 1684161, at *1 (N.D. Fla. 2005); Harvey v. Home Depot U.S.A., Inc., 2005 WL 1421170, at *2 (M.D. Fla. 2005). As such, the Court should deny Plaintiffs' Motion to Strike as to this affirmative defense.

### IV. Affirmative Defense No. 11 is not a mere denial.

As his eleventh affirmative defense, Defendant asserts that Plaintiffs have failed to plead or prove the requisite reckless disregard necessary before any award of punitive damages. The cases Plaintiffs rely on do not support their position. *Mad Room, LLC*, *NR Grp. 3 Contractors, Inc.*, and *Hyndentra, Solidda Grp.*, all involve opinions based on affirmative defenses asserting Plaintiff's claims for damages were speculative, which is not the assertion being made by Hernandez's eleventh affirmative defense. Further, Plaintiffs have not claimed that this defense has no relation to the controversy, would confuse the issues, or would prejudice Plaintiffs. Accordingly, the Court should deny Plaintiffs' Motion to Strike as to this affirmative defense.

### CONCLUSION

For the reasons set forth, Defendant, Carlos Hernandez, respectfully requests that Plaintiffs' Motion to Strike Defendant, Carlos Hernandez's Affirmative Defenses be denied.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this **23rd** day of December, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner

31101412v1

for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                               *By: /s/ Christine L. Welstead*
                                               Christine L. Welstead, Esq. (FBN#970956)
                                               Christine.Welstead@bowmanandbrooke.com
                                               Gisselle Watkins, Esq. (FBN#1002543)
                                               Gisselle.Watkins@bowmanandbrooke.com
                                               **BOWMAN AND BROOKE LLP**
                                               Two Alhambra Plaza - Suite 800
                                               Miami, FL 33134-5214
                                               Tel: (305) 995-5600; Fax: (305) 995-6100
                                               *Attorneys for Carlos Hernandez*

## **SERVICE LIST**

Peter J. Klock, II., Esq.
FBN: 103915
pklock@bastamron.com
Lissette M. Carreras, Esq. (FBN: 018079)
lcarreras@bastamron.com
BAST AMRON LLP
One S.E. 3rd Avenue, Suite 2410
Miami, FL 33131
(305) 379-7904
(786) 206-8740 (fax)
*Attorneys for Plaintiffs*

Lourdes Wydler Esq.
FBN: 719811
lew@wydlerlaw.com
WYDLER LAW
2600 Douglas Road, PH-4
Coral Gables, FL 33134
Tel: (305) 446-5528; Fax: (305) 446-0995
*Attorney for Defendant, City of Hialeah*

31101412v1